UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ERIC B. DORSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00080-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On April 19, 2024, Petitioner Eric Dorsey ("Dorsey") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255 [Doc. 1]. This Court then ordered the United States to show cause why the relief requested in Dorsey's motion should not be granted. The government filed a response on August 12, 2024 [Doc. 10]. Dorsey did not file a reply. Based on the reasons set forth below, this Court will dismiss Dorsey's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

## I. PROCEDURAL HISTORY

On May 28, 2023, law enforcement officers attempted to conduct a traffic stop on a motor vehicle in Cape Girardeau, Missouri. *United States v. Dorsey*, Case No. 1:23-cr-000106-SNLJ ("Crim. Case"), Doc. 33 (presentence investigation report, or "PSR") ¶ 13. As the vehicle slowly came to a stop, Dorsey jumped out of the passenger seat and fled on foot. *Id*. He was apprehended after a short pursuit. *Id.* While Dorsey was being

detained, officers discovered that he was in possession of a firearm.  *Id*.  The firearm was identified as a Smith & Wesson, model SD, .40 caliber semi-automatic pistol, which was loaded with 13 rounds of ammunition.  *Id*.

Dorsey was prohibited from possessing firearms due to multiple felony convictions, including: (1) a 2000 Illinois conviction for Armed Robbery (PSR ¶ 36); (2) a 2010 Illinois conviction for Aggravated Criminal Sexual Abuse (PSR ¶ 37); (3) a 2015 Illinois conviction for Unlawful Possession of a Firearm by a Felon (PSR ¶ 38); (4) a 20016 Illinois conviction for Failure to Register as a Sex Offender (PSR ¶ 39); and (5) a 2022 Illinois conviction for Failure to Register as a Sex Offender (PSR ¶ 41).

A federal grand jury returned a single-count Indictment charging Dorsey with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Crim. Case, Doc. 1.  On October 12, 2023, Dorsey pled guilty to the charge pursuant to a written guilty plea agreement.  Crim. Case, Doc. 25.  On January 11, 2024, this Court sentenced Dorsey to serve 47 months' imprisonment.  Crim. Case, Doc. 36.

In his sole claim for relief, Dorsey asserts that § 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  Doc. 1.  However, Dorsey's claim is foreclosed by the Eighth Circuit's recent decision in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708, 221 L. Ed. 2d 970 (2025).

## II.  LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to Federal habeas corpus."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)

(en banc) (quotation omitted).  And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  Under section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) 'that the sentence is otherwise subject to collateral attack.'" *Martin v. United States*, 150 F.Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)).  The petitioner bears the burden of proof as to each asserted ground for relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

A motion filed under 28 U.S.C. § 2255 should be denied without an evidentiary hearing when the court records conclusively show that the petitioner is not entitled to relief.  A hearing is not required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based*." Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)).  The Eighth Circuit has repeatedly recognized, "[a] § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

3

Conclusory allegations will simply not suffice. *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995).

### III.  DISCUSSION

In his sole claim for relief, Dorsey asserts that § 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  However, Dorsey's claim is foreclosed by the Eighth Circuit's decision in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708, 221 L. Ed. 2d 970 (2025).  In *Jackson*, the Eighth Circuit concluded that § 922(g)(1) is constitutional because "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."  *Id*. at 1129.

Since *Jackson*, the Eighth Circuit has rejected every constitutional challenge to section 922(g)(1) that it has seen. *See, e.g., United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (holding that Eighth Circuit precedent "foreclosed" an as-applied challenge to section 922(g)(1)); *United States v. Mull*, 113 F.4th 864, 869-70 (8th Cir. 2024) (same); *United States v. Lowry*, 112 F.4th 629, 632 (8th Cir. 2024) (same); *United States v. Ware*, 141 F.4th 970, 974 (8th Cir. 2025) (same).  As such, Dorsey's claim will be dismissed.

After a thorough review of Dorsey's claim, the Court finds that "the motion and the files and records of the case conclusively show that [Dorsey] is entitled to no relief[.]" 28 U.S.C. § 2255(b).  Therefore, Dorsey's petition can be dismissed without an evidentiary hearing.

## IV.  CONCLUSION

For the foregoing reasons, this Court will deny Petitioner's § 2255 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 18th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5